**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
(CIVIL DIVISION)**

**EDUARDO SANCEZ VELAZQUEZ,**

**Plaintiff,**

**CASE NO.:**

**vs.**

**HOME DEPOT U.S.A., INC., and
THE HOME DEPOT, INC.**

**Defendants.**
_______________________________________/

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ (hereinafter referred to as the "Plaintiff" and/or "Mr. Sanchez Velazquez"), by and through their undersigned counsel, and hereby sues Defendant(s), HOME DEPOT U.S.A., INC. (hereinafter referred to as Defendant "HOME DEPOT USA"), and THE HOME DEPOT, INC. (hereinafter referred to as Defendant "THE HOME DEPOT"), and alleges as follows:

## <u>JURISDICTION, PARTIES, AND VENUE</u>

1. This is a negligence action for damages in excess of Fifty Thousand ($50,000.00) Dollars ($30,000.00) pursuant to Fla. Stat. §768.16 *et seq.*, and is within the jurisdictional limits of this Court.

2. At all times material and relevant hereto, the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, was over the age of eighteen (18), and a resident and domiciliary of Lee County, Florida, and is otherwise *sui juris*.

3. At all times material and relevant hereto, Defendant, HOME DEPOT U.S.A., INC., is and was a Foreign Corporation licensed and authorized to do business in the State of

Florida, specifically in Lee County, Florida.

4. At all times material and relevant hereto, Defendant, HOME DEPOT U.S.A, INC., constructed, built, owned, operated, maintained, renovated, managed, oversaw, leased, rented, and/or otherwise controlled the land / dwelling / building(s) / structure(s) / parking lot / property / premises / curtilage and the like of the subject property / premises / parking lot / curtilage located at and/or near 14655 S. Tamiami Trail, Fort Myers, Florida 33912, within Lee County, Florida (hereinafter referred to as the "Subject Property" and/or "Subject Premises").

5. Defendant, HOME DEPOT U.S.A., INC., is subject to the jurisdiction of this Court pursuant to Florida Statutes §§ 48.193(1)(a)(2) and 48.193(1)(a)(2), as the Defendant committed a tortious act in the State of Florida and at all times relevant and material was engaged in substantial and not isolated business activities within the State of Florida, and operated, conducted, and engaged in and carried out its customary business activities in the State of Florida, and specifically in Lee County, Florida.

6. At all times material and relevant hereto, Defendant, THE HOME DEPOT, INC., is and was a Florida Corporation licensed and authorized to do business in the State of Florida, specifically in Lee County, Florida.

7. At all times material and relevant hereto, Defendant, THE HOME DEPOT, INC., constructed, built, owned, operated, maintained, renovated, managed, oversaw, leased, rented, and/or otherwise controlled the land / dwelling / building(s) / structure(s) / parking lot / property / premises / curtilage and the like of the subject property / premises / parking lot / curtilage located at and/or near 14655 S. Tamiami Trail, Fort Myers, Florida 33912, within Lee County, Florida (hereinafter referred to as the "Subject Property" and/or "Subject Premises").

8. Defendant, THE HOME DEPOT, INC., is subject to the jurisdiction of this

Court pursuant to Florida Statutes §§ 48.193(1)(a)(2) and 48.193(1)(a)(2), as the Defendant committed a tortious act in the State of Florida and at all times relevant and material was engaged in substantial and not isolated business activities within the State of Florida, and operated, conducted, and engaged in and carried out its customary business activities in the State of Florida, and specifically in Lee County, Florida.

9. Venue is proper in Lee County, Florida because the incident that gives rise to this Complaint occurred in Lee County, Florida.

10. All statutory and/or contractual conditions precedent to the commencement of this action have been satisfactorily performed, executed, excused, and/or waived.

## FACTUAL ALLEGATIONS

11. On or about March 25, 2022, the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, was a business invitee of the Home Depot Store located at and/or near 14655 S. Tamiami Trail, Fort Myers, Florida 33912 (a/k/a "Home Depot – Fort Myers #276) located within Lee County, Florida (hereinafter referred to as the "Subject Property" and/or "Subject Premises").

12. At and around this time, Mr. Sanchez Velazquez, entered the parking lot of the Subject Premises, and proceeded to park his car in a designated Home Depot parking space.

13. After parking his vehicle, Mr. Sanchez Velazquez, turned off his vehicle, and stepped out of his car. It was at this moment that the ensuing tragedy began to unfold.

14. As Mr. Sanchez Velasquez exited his parked vehicle in the designated Home Depot parking space, within the Home Depot parking lot he stood up and was grabbed from behind by an unknown individual with a weapon, the unknown individual pushed Mr. Sanchez Velazquez away from his parked vehicle and then struck him several times with the weapon in

the shoulder, neck, and back of the head thereby forcing his body forward, wherein he fell to the asphalt pavement of the parking lot face first with great force.

15. The unknown individual took Mr. Sanchez Velazquez' wallet and then fled the scene while Mr. Sanchez Velazquez was disoriented and injured.

16. Immediately after regaining enough function to stand up, Mr. Sanchez Velazquez reported the incident to a member of the staff at Home Depot on the Subject Premises and the police were called to the scene, and emergency medical services were dispatched to assist.

17. Mr. Sanchez Velazquez provided a statement to the staff member of the Subject Home Depot Store and to Law Enforcement.

18. Mr. Sanchez Velazquez was then transported emergently to a nearby emergency room as a trauma patient.

19. As a direct and proximate result of the subject incident, the Plaintiff, Eduardo Sanchez Velazquez, sustained bodily/personal injuries/aggravations/activations of a permanent nature to numerous parts of his body, from which he is still recovering and treating to remedy.

**COUNT I**
**NEGLIGENCE CLAIM AGAINST DEFENDANT**
**(*HOME DEPOT U.S.A., INC.*)**

20. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 19 of this Complaint as though fully alleged herein and further alleges:

21. At all material times hereto, Defendant, HOME DEPOT USA, itself and through its agents and employees, owed a non-delegable duty to its tenants, invitees, and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its tenants, invitees, and the public. Defendant EMPIRE had a duty to take

such precautions as were reasonably necessary to protect its tenants, invitees, and the public, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, from criminal attacks that were reasonably foreseeable.

22. At all material times hereto, Defendant, HOME DEPOT USA, through its agents and employees, knew or in the exercise of reasonable care should have known that their premises and areas adjacent were in a high crime area and that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on Defendant's tenants, invitees, and the public unless Defendant, HOME DEPOT USA, took steps to provide proper security for such individuals.

23. Defendant, HOME DEPOT USA, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, had it within their power to take the measures necessary to provide for their own security on the premises.

24. Considering the foregoing, at all material times hereto, the criminal attack of the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, was reasonably foreseeable, and Defendant, HOME DEPOT USA was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

25. Considering the foregoing, at all material times hereto, the criminal attack of the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, was reasonably foreseeable, and Defendant, HOME DEPOT USA was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

26. At the above-referenced time and place, Defendant, HOME DEPOT USA, by and through its agents and employees, breached its duty to exercise reasonable care for the

safety and protection of its tenants, invitees, and the public, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, and acted in a careless and negligent manner through the following acts of omission or commission:

A. Failing to provide adequate security for its tenants, invitees, and the public;

B. Failing to warn its tenants, invitees, and the public of the nature and character of its premises when it knew or in the exercise of reasonable care should have known that *numerous criminal incidents of a similar nature* to the one herein (i.e., crimes against persons) had occurred on Defendant's premises and areas adjacent thereto prior to the subject incident;

C. Failing to warn, protect, guard, and secure the safety of its tenants, invitees, and the public;

D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its tenants, invitees, and the public;

E. Failing to hire or retain adequate security personal to patrol or monitor the premises, thereby protecting its tenants, invitees, and the public;

F. Failing to have sufficient number of guards in visible areas to deter crime, thereby protecting its tenants, invitees, and the public;

G. Failing to fix broken windows in accordance with the Broken Windows Theory of Criminality;

H. Failing to have an adequate number of security guards to protect its tenants, invitees, and the public.

I. Failing to hire or retain competent security guards to protect its tenants, invitees, and the public;

J. Failing to properly train security guards to be reasonably skillful, competent, or qualified to exercise appropriate and proper security measures so that they could protect its tenants, invitees, and the public;

K. Failing to provide proper and sufficient lighting for the premises, parking lot, sidewalks, and curtilage;

L. Failing to have surveillance cameras throughout the premises, parking lot, sidewalks, and curtilage;

M. Failing to have an adequate number of surveillance cameras at the premises and surrounding areas, including but not limited to the areas of the premises where the subject incident occurred;

N. Failing to position surveillance cameras in appropriate locations such that the premises and surrounding areas where the subject incident occurred were monitored or said cameras would act as a deterrent against criminal activity;

O. Failing to have or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view;

P. Failing to implement adequate security policies, security measures, and security procedures necessary to protect its tenants, invitees, and the public;

Q. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

R. Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

S. Failing to provide a reasonably safe structural layout of the property upon leasing said property;

T. Failing to implement or upkeep sufficient physical access barriers or impediments such as gates, doors, and fences in and around the property;

U. Failing to reasonably screen other tenants and their guests who pose a foreseeable risk of harm to other tenants or invitees and failing to warn of the dangers such person presented;

V. The preceding paragraphs "A" through "T", individually or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar businesses and properties in the local community;

W. Additional acts of negligence not yet discovered.

27. Defendant, HOME DEPOT USA, through its agents and employees,

negligently failed to have any procedures governing the inspection, supervision, or security of the area where the subject incident occurred; or in the alternative, Defendant did, in fact, have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented said procedures in a careless and negligent manner.

28. At all material times hereto, Defendant, HOME DEPOT USA, through its agents and employees, negligently failed to hire persons, employees, or agents reasonably suited for providing, implementing, and maintaining proper security measures to ensure the safety of its tenants, invitees, and the public.

29. Defendant, HOME DEPOT USA, through its agents, servants, and employees, created or allowed to be created said dangerous conditions on the subject premises. Further, Defendant, HOME DEPOT USA, failed to warn its tenants, invitees, and the public, including but not limited to the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time in which a reasonable inspection would have disclosed same.

30. The negligence of Defendant, HOME DEPOT USA, proximately caused injury to the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, and directly led to his criminal attack in that:

A. There was inadequate or nonexistent visible deterrence to prevent said criminal assault;

B. There was inadequate or nonexistent physical deterrence to prevent said criminal assault;

C. Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, or prosecuted; or

D. An atmosphere was created at Defendant's premises, which facilitated the

commission of crimes against persons.

31. As a direct and proximate result of Defendant, HOME DEPOT USA's negligence, the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, suffered great bodily harm on March 25, 2022, from a robbery with a weapon on the above-referenced premises.

WHEREFORE**,** Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, sues Defendant, HOME DEPOT USA for damages, costs, and interest, and demands a trial by jury of all issues so triable as a matter of right, along with any such other and further relief this Court deem just, proper, necessary, and in the best interests of justice.

**COUNT II**
**NEGLIGENCE CLAIM AGAINST DEFENDANT**
**(*THE HOME DEPOT, INC.*)**

32. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 19 of this Complaint as though fully alleged herein and further alleges:

33. At all material times hereto, Defendant, HOME DEPOT INC., itself and through its agents and employees, owed a non-delegable duty to its tenants, invitees, and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its tenants, invitees, and the public. Defendant, HOME DEPOT INC., had a duty to take such precautions as were reasonably necessary to protect its tenants, invitees, and the public, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, from criminal attacks that were reasonably foreseeable.

34. At all material times hereto, Defendant, HOME DEPOT INC., through its agents and employees, knew or in the exercise of reasonable care should have known that their premises and areas adjacent were in a high crime area and that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were

reasonably likely to be perpetrated on Defendant's tenants, invitees, and the public unless Defendant, HOME DEPOT INC., took steps to provide proper security for such individuals.

35. Defendant, HOME DEPOT INC., through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, had it within their power to take the measures necessary to provide for their own security on the premises.

36. Considering the foregoing, at all material times hereto, the criminal attack of the Plaintiff, ANTOINE BERNARD, was reasonably foreseeable, and Defendant, HOME DEPOT INC., was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

37. Considering the foregoing, at all material times hereto, the criminal attack of the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, was reasonably foreseeable, and Defendant, HOME DEPOT INC., was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

38. At the above-referenced time and place, Defendant, HOME DEPOT INC., by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its tenants, invitees, and the public, including the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, and acted in a careless and negligent manner through the following acts of omission or commission:

A. Failing to provide adequate security for its tenants, invitees, and the public;

B. Failing to warn its tenants, invitees, and the public of the nature and character of its premises when it knew or in the exercise of reasonable care should have known that *numerous criminal incidents of a similar nature* to the one herein (i.e., crimes against persons) had occurred on Defendant's premises and areas adjacent thereto prior to the subject

incident;

C. Failing to warn, protect, guard, and secure the safety of its tenants, invitees, and the public;

D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its tenants, invitees, and the public;

E. Failing to hire or retain adequate security personal to patrol or monitor the premises, thereby protecting its tenants, invitees, and the public;

F. Failing to have sufficient number of guards in visible areas to deter crime, thereby protecting its tenants, invitees, and the public;

G. Failing to have an adequate number of security guards to protect its tenants, invitees, and the public.

H. Failing to hire or retain competent security guards to protect its tenants, invitees, and the public;

I. Failing to properly train security guards to be reasonably skillful, competent, or qualified to exercise appropriate and proper security measures so that they could protect its tenants, invitees, and the public;

J. Failing to provide proper and sufficient lighting for the premises;

K. Failing to have surveillance cameras throughout the premises;

L. Failing to have an adequate number of surveillance cameras at the premises and surrounding areas, including but not limited to the areas of the premises where the subject incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the premises and surrounding areas where the subject incident occurred were monitored or said cameras would act as a deterrent against criminal activity;

N. Failing to have or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect its tenants, invitees, and the public;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q. Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

R. Failing to provide a reasonably safe structural layout of the property upon leasing said property;

S. Failing to implement or upkeep sufficient physical access barriers or impediments such as gates, doors, and fences in and around the property;

T. Failing to reasonably screen other tenants and their guests who pose a foreseeable risk of harm to other tenants or invitees and failing to warn of the dangers such person presented;

U. The preceding paragraphs “A” through “T”, individually or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar businesses and properties in the local community;

V. Additional acts of negligence not yet discovered.

39. Defendant, HOME DEPOT INC., through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, or security of the area where the subject incident occurred; or in the alternative, Defendant did, in fact, have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented said procedures in a careless and negligent manner.

40. At all material times hereto, Defendant, HOME DEPOT INC., through its agents and employees, negligently failed to hire persons, employees, or agents reasonably suited for providing, implementing, and maintaining proper security measures to ensure the safety of its tenants, invitees, and the public.

41. Defendant, HOME DEPOT INC., through its agents, servants, and employees, created or allowed to be created said dangerous conditions on the subject premises. Further,

Defendant, HOME DEPOT INC., failed to warn its tenants, invitees, and the public, including but not limited to the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time in which a reasonable inspection would have disclosed same.

42. The negligence of Defendant, HOME DEPOT INC., proximately caused injury to the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, and directly led to his criminal attack in that:

A. There was inadequate or nonexistent visible deterrence to prevent said criminal assault;

B. There was inadequate or nonexistent physical deterrence to prevent said criminal assault;

C. Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, or prosecuted; or

D. An atmosphere was created at Defendant's premises, which facilitated the commission of crimes against persons

43. As a direct and proximate result of Defendant, HOME DEPOT INC.'s negligence, the Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, suffered great bodily harm on March 25, 2022, from a robbery with a weapon on the above-referenced premises.

WHEREFORE, Plaintiff, EDUARDO SANCHEZ VELAZQUEZ, sues Defendant, HOME DEPOT USA for damages, costs, and interest, and demands a trial by jury of all issues so triable as a matter of right, along with any such other and further relief this Court deem just, proper, necessary, and in the best interests of justice.

DATED: this **21st** day of **March**, 2026.

**KOGAN & DISALVO, P.A.**
*Attorneys for Plaintiff*
1375 Jackson Street, Suite 406
Fort Myers, FL 33901
Telephone: (239) 448-4099

Facsimile: (561) 374-7898

By: ***/s:/ Casey Gartland, Esq.***
CASEY GARTLAND, ESQUIRE
Florida Bar No.: 1010717
E-Service: cgartland@koganinjurylaw.com

***ATTN**: Please send all physical mail to:

Kogan & DiSalvo, P.A.
**Attn: Casey Gartland, Esq.**
3615 Boynton Beach Blvd.,
Boynton Beach, FL 33436